F I L E D
CLERK OF COURT

2026 JUL 28 AM 10: 59

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0397-21** |
| | ) GPD Report No. 20-23837 |
| vs. | ) |
| | ) |
| **PHILIP J. CRUZ,** | ) **DECISION & ORDER** |
| *aka* **Philip John Cruz** | ) **RE. MOTION TO WITHDRAW AS** |
| DOB: 09/27/1978 | ) **COUNSEL** |
| | ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on May 29, 2026, for a Further Proceedings. Defendant Philip J. Cruz ("Defendant") was present with counsel Public Defender Ramiro Orozco. Assistant Attorney General Vernon Hosannah was present for the People of Guam ("People"). Following the hearing, the court took the Defendant's Motion to Withdraw as Counsel under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court **DENIED** the Defendant's Motion to Withdraw as Counsel, and now issues this Decision and Order memorializing its previous ruling.

## BACKGROUND

Based on events that occurred on or about September 22, 2020, the Defendant was charged with the following offenses: (1) BURGLARY (As a 2nd Degree Felony); (2) ATTEMPTED

THEFT (As a 2nd Degree Felony); and (3) CRIMINAL MISCHIEF (As a Misdemeanor). *See* Indictment (Aug. 26, 2021). The Public Defender Service Corporation ("Public Defender") was appointed as counsel for the Defendant on August 14, 2021. *See* Notice (Aug. 14, 2021).

While jury selection and trial was originally set for May 4, 2022, the court rescheduled jury selection and trial for June 2, 2026, in light of several warrants for the Defendant's arrest led and the recent assertion of his right to speedy trial in April of this year.[1] The Defendant subsequently filed two motions on May 5, 2026: (1) Defendant's Motion in Limine to Exclude Prior Bad Acts Evidence; and (2) Defendant's Motion to Compel Disclosure of Witness Information and for Sanctions. On May 12, 2026, the Defendant filed two more motions: (1) Defendant's Motion to Dismiss for Prosecutorial Misconduct; and (2) Motion to Withdraw as Counsel ("Motion to Withdraw"). Upon filing this Motion to Withdraw, the Defendant filed a Motion to Compel the Government to Provide Offer of Proof Regarding Availability of Ivy Austria. The People also filed its Non-Opposition to the Motion to Withdraw.

At a Motion Hearing, the court addressed the parties' arguments on several motions, including the Motion to Withdraw. *See* Mot. Hr'g Mins. at 2:26:27PM (June 1, 2026). Having considered the parties arguments and applicable law, the court denied the Motion to Withdraw for reasons set forth below. *Id.*

## DISCUSSION

A. **Although the Public Defender's Motion to Withdraw was filed without leave of court, the court has an obligation to consider the merits of the motion before rendering its decision.**

Before addressing the substance of the Motion to Withdraw, it is noteworthy that the Defendant's Motion to Withdraw was filed beyond the court's deadline of May 5, 2026. *See*

---

[1] *See* Criminal Trial Scheduling Order (Oct. 29, 2021); *see also* Bench Warrant (Oct. 12, 2022); *see also* Bench Warrant (Dec. 20, 2025); *see also* Bench Warrant (Nov. 24, 2025); *see also* Criminal Trial Scheduling Order (Apr. 10, 2026); *see also* Assertion (Apr. 7, 2026).

Criminal Trial Scheduling Order (Apr. 10, 2026). If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.").

"Papers required to be served shall be filed with the court. Papers shall be filed in the manner provided in civil actions." 8 GCA § 1.29(d). "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." CVR 7.1(f). The scope of the Civil Rules of the Local Rules of the Superior Court of Guam does not extend to criminal matters unless *they are inconsistent with rules that apply. See* CVR 1.1. In this case, the Defendant through counsel was not granted leave of court to file any of his motions that were filed beyond May 5, 2026.

Public Defender argues that "[t]he timing of this conflict is directly attributable to the Government's delayed disclosure of information relating to Ms. Sablan." Def.'s Mot. Withdraw (May 12, 2026). Despite asking for discovery from the People since September 10, 2021, Public Defender notes that it had not requested information related to Naomi Bermudes Sablan specifically until May 4, 2026; almost two weeks after the parties' deadline to exchange mutual discovery and file motions to compel lapsed. Although the People filed its witness list on May 5, 2026, her name was included in the Affidavit of Probable Cause attached to the Magistrate's Complaint filed on August 14, 2021. *See* Magistrate's Compl., Aff. (Aug. 14, 2021).

Counsels are reminded of its obligation to "act with reasonable diligence and promptness in representing a client" pursuant Guam Rule of Professional Conduct ("GRPC") 1.3. Despite the

failure to timely file a Motion to Withdraw in this case, the court still has an obligation to analyze the merits of the issue before it.[2]

**B. The Public Defender has not shown that its representation of Defendant Cruz will result in a violation of its obligations to Ms. Naomi Sablan as a former client under GRPC 1.9.**

When filing motions in criminal matters, the Local Rules of the Superior Court of Guam reads as follows:

> (1) Required Pleadings. An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. *It shall be supported by a memorandum containing citations of authority* and may also be supported by affidavit. The motion shall also include copies of all documentary evidence that the moving party intends to submit in support of the motion. Additionally, all motions and each response or opposition thereto shall contain a statement whether an evidentiary hearing is requested and an estimate of the time required for the presentation of the evidence and/or arguments. The reply brief shall contain a re-estimate of the time or a statement that the original estimate is unchanged.

CR 1.1(b)(1) (emphasis added). Although Public Defender's memorandum contains no citations of authority for the court to consider regarding an attorney's material limitations by responsibilities to former clients and a duty of confidentiality, the court will review the issue of the Public Defender's withdrawal pursuant to GRPC 1.16 and 1.9.

GRPC 1.16 states in relevant part that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law." Guam R. Prof'l Conduct 1.16(a)(1). Here, Public Defender requests its withdrawal as counsel for the Defendant due to its previous representations in other closed criminal cases of Naomi Bermudes

---

[2] In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

Sablan; one of the People's potential witnesses. As the governing authority for an attorney's withdrawal due to conflicts of interest with former clients, GRPC 1.9 states the following:

  a. A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
  b. A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
      i. whose interests are materially adverse to that person; and
      ii. about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
  c. A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
      i. use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
      ii. reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Guam R. Prof'l Conduct 1.9. At a continued Pre-Trial Conference, the People represented to the court that it had no intent on calling the witness at issue within the Motion to Withdraw. *See* Pre-Trial Conference Mins. at 2:43:07PM (May 29, 2026). Upon that representation, Public Defender indicated that a conflict no longer is present. Finding that the Public Defender's representation of the Defendant will not result in violation of GRPC 1.9, the court denies the Defendant's Motion to Withdraw as Counsel at this time.

\\

\\

\\

\\

\\

## CONCLUSION

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Withdraw as Counsel.

**SO ORDERED** ___JUL 2 8 2026___ , *nunc pro tunc*, June 1, 2026.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG x PDSC

Date: 7/28/26 Time: 11:04

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam